IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 3:19-cr-225-DCB-FKB

JUAN PEREZ-LUCAS
A/k/a Roberto Velasquez, Jr.

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS INDICTMENT**

COMES NOW the United States Attorney, by and through his undersigned Assistant United States Attorney, submits this Response in Opposition to JUAN PEREZ-LUCAS a/k/a Roberto Velasquez, Jr. ("Defendant Perez-Lucas") Motion to Dismiss Indictment, and would show unto the Court the following:

**I.    Background**

Defendant Perez-Lucas is a citizen of Guatemala who entered the United States at or near an unknown place on foot other than a port of entry on or before February 28, 2016.[1] Upon entry, Defendant Perez-Lucas was not admitted or inspected by an immigration officer.

On or about February 28, 2016, Defendant Perez-Lucas, utilizing the alias Roberto Velasquez, Jr., completed a Form I-9 to obtain employment at Koch Foods. Among other things, Defendant Perez-Lucas indicated that he was a citizen of the United States and provided a state of Tennessee identification card and social security card, both bearing the name of Roberto Velasquez, Jr.

---

[1] This date was established from employment records of the defendant in the United States.

On August 7, 2019, subsequent to the execution of an Immigrations and Customs Enforcement search warrant, Defendant Perez-Lucas was arrested at Koch Foods. When he was arrested, Defendant Perez-Lucas had identification documents that belonged to another person.

**II.    Procedural History**

On August 21, 2019, Defendant Perez-Lucas was indicted by a federal Grand Jury for violating Title 18, Untied States Code, Section 1546(a) and Title 42, United States Code, Section 408(a)(7)(B). Following his arraignment and detention hearing, Defendant Perez-Lucas was released on bond, with conditions of pre-trial release. Thereafter, on September 10, 2019, Defendant Perez-Lucas filed the subject Motion seeking dismissal of the indictment, alleging inability to obtain a Chuj interpreter.

For the reasons set forth below, Defendant Perez-Lucas's motion should be denied.

**III.   Analysis**

A. <u>Dismissal at this Stage is Premature</u>

The Court Interpreters Act, 28 U.S.C. § 1827, makes no provision for dismissing criminal indictments; the Act does not "create new constitutional rights for defendants or expand existing constitutional safeguards." *United States v. Joshi*, 896 F.2d 1303 (11th Cir. 1990); *United States v. Johnson*, 248 F.3d 655, 661 (7th Cir. 2001); *United States v. Tapia*, 631 F.2d 1207, 109-10 (5th Cir. 1980) (same). Under the Court Interpreters Act, "[a] criminal defendant who speaks only or primarily a language other than the English language has a statutory right . . . to a court-appointed interpreter when [his] comprehension of the proceedings or ability to communicate with counsel is impaired." *United States v. Yee Soon Shin*, 953 F.2d 559, 561 (9th Cir. 1992), see 28 U.S.C. § 1827(d)(1)(internal quotations omitted).

The Act further requires a trial judge to use an interpreter in the courtroom if the judge determines that a party speaks only or primarily a language other than the English language that would inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer. *United States v. Si*, 333 F.3d 1041, 1042 (9th Cir. 2003), see 28 U.S.C. § 1827(d)(1). "As a constitutional matter, the appointment of interpreter is within the district court's discretion". Id. at 1043, citing *Yee Soon Shin*, 953 F.2d at 561.

In *United States v. Mejia-Perez*, the Arizona court found that it was unable to fulfil its statutory duty of providing the defendant with a Mam interpreter. 2018 WL 3015012 *5 (D. Ariz. May 30, 2018), R&R adopted by District Court, 2018 WL 3012215 (D. Ariz. June 15, 2018). The court found the case "unique" in that **no interpreter** spoke Mam to translate for the defendant. *Id*. at *6. As a result, the court evaluated and made a record regarding the defendant's language abilities and the ability of the court to locate and appoint an interpreter as requested. *Id*. at *5. The court articulated findings that the interpreters indicated they were unable to communicate with the defendant to fulfil defendant attorney's responsibilities as the attorney, defendant is unable to proceed in Spanish or English, and the court was unable to locate a Mam interpreter who speaks the defendant's dialect and is responsible to the court for assistance. *Id.* at *7. Based on the belief that an appropriate interpreter would not be found, the court granted the defendant's Motion to Dismiss. *Id.*

*Mejia* is distinctive from the instant case. First, on August 28, 2019, Defendant Perez-Lucas was provided an interpreter, wherein Defendant Perez-Lucas waived the formal reading of the indictment, entered a plea of not guilty and requested a detention hearing. Minute Entry 08/28/2019. On September 4, 2019, the Court provided an interpreter for the Defendant Perez-Lucas and counsel at the detention hearing. Minute Entry 09/04/2019. Unlike *Mejia*, this Court

has been successful in its efforts to locate a Chuj interpreter. Moreover, Defendant Perez-Lucas has failed to show an exhaustion of avenues through the Administrative Office of Courts, or other sources, to find the most available certified interpreter, or uncertified interpreter, or other reasonable substitute, such as a nearby Chuj speaker acquaintance or in Defendant Perez-Lucas' community. *United States v. Paz*, 981 F.2d 199, 200 n.1 (5th Cir. 1992) ("While the certification process serves as a safeguard to guarantee that the court interpreter is competent, the court may select an otherwise qualified interpreter if no certified interpreter is reasonably available."). *Id.* at 200.

Even if a Chuj interpreter were not available, it may be reasonable to provide adequate translation for Defendant with some combination of a Spanish interpreter. *United States v. Tapia,* 631 F.2d 1207, 1210 ("It might be that although his primary language is Spanish, [defendant's] understanding of the English language is such that he was not inhibited from understanding the proceedings"). The Court has discretion to make findings and fashion a reasonable accommodation based upon those findings. 28 U.S.C. § 2871(d) (1), (f) (1); *Paz*, 981 F.2d at 200 ("A district court is given wide discretion in matters regarding selection of a court interpreter.") *Tapia,* 631 F.2d at 1210; see also *United States v. Si*, 333 F.3d 1041, 1044 (9th Cir.) (remanding for trial court to determine on record whether defendant needed interpreter), on review after remand, 343 F.3d 1116, 1121 (9th Cir. 2003) (affirming trial court finding that defendant's "language abilities did not impair his comprehension of the proceedings or Si's ability to communicate with his counsel. . . So long as Si's ability to communicate was not inhibited by language problems, appointment of an interpreter was within the district court's discretion."). "The trial court must balance the defendant's rights to confrontation and effective

assistance against the public's interest in the economical administration of criminal law." *United States v. Martinez*, 616 F.2d 185, 188 (5th Cir. 1980).

Absent a finding by this Court that a Chuj interpreter cannot be found or is not reasonably available, the Defendant's lone allegation of difficulty arranging a further session with a particular interpreter is premature to dismiss the Indictment.

B. *Defendant Offers No Ground for Dismissal of the Indictment*

On a motion to dismiss the indictment, the Court looks to the sufficiency of the essential elements of the offense, so that the indictment fairly informs a defendant of the charge against which he must defend; and also to the specificity of the charges that might enable a defendant "to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U. S. 87, 117 (1974); *United States v. Resendiz-Ponce*, 549 U. S. 102, 108 (2007); *United States v. Cooper*, 714 F.3d 873, 877 (5th Cir. 2013); *United States v. Asibor*, 109 F.3d 1023, 1027 (5th Cir. 1999) (upholding denial of motion to dismiss indictment charging illegal reentry).

Indictments should be dismissed with prejudice only in cases of flagrant government misconduct or bad faith, or when the defendant otherwise would be demonstrably prejudiced. *Rinaldi v. United States*, 434 U.S. 22, 29 n. 15 (1977); *United States v. Goodson*, 204 F.3d 508, 514 (4th Cir. 2000); *United States v. Palomares*, 119 F.3d 556, 558 (7th Cir. 1997). The burden rests with the defendant to show actual prejudice to warrant dismissal of an indictment with prejudice. *United States v. Morrison*, 449 U.S. 361, 364-66 (1981); *United States v. Fulmer*, 722 F.2d 1192, 1195 (5th Cir. 1983) (indictment not dismissed when court could not show how prosecutorial "errors and missteps" prejudiced the defendant).

In the instant, case, the indictment sufficiently alleges the elements of the offenses

defined in 18 U.S.C. § 1546(a) and 42 U.S.C. § 408(a) (7) (B).  Defendant Perez-Lucas makes no claim that the indictment fails to notify him of the nature and essential elements of the offenses charged.  In fact, Defendant Perez-Lucas received fair notice of the charges against him and was able to convey his intent to plead not guilty.  Moreover, the sufficiency of the Government's factual proof of the elements is a matter reserved for trial.  Defendant Perez-Lucas's motion to dismiss fails to outline any prejudiced suffered, or any alleged misconduct, bad faith or procedural error that would warrant dismissal of the indictment.

**IV.    Conclusion**

For the foregoing reasons, Defendant Perez-Lucas's Motion to Dismiss Indictment should be denied.

Respectfully submitted, this the 21st day of September, 2019.

        D.MICHAEL HURST, JR.
        United States Attorney

By:    */s/ Glenda R. Haynes*
        GLENDA R. HAYNES
        Assistant United States Attorney
        MS Bar # 2132
        501 E. Court St., Suite 4.430
        Jackson, Mississippi 39201
        Telephone:  601.965.4480
        Email:  Glenda.Haynes@usdoj.gov

**CERTICATE OF SERVICE**

I, Glenda R. Haynes, hereby certify that on this day, I filed the foregoing with the Clerk of the Court using the electronic filing system, ("ECF"), which sent notification to all parties of record.

This the 21st day of September, 2019.

                                          */s/ Glenda R. Haynes*
                                          GLENDA R. HAYNES
                                          Assistant United States Attorney