IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL NO. 3:19-cr-225-DCB-FKB

**JUAN PEREZ-LUCAS**

**A/k/a Roberto Velasquez, Jr.**  **DEFENDANT**

### ORDER

This matter comes before the court on Defendant Juan Perez-Lucas ("Perez-Lucas")'s Motion to Dismiss Indictment (Doc. 17) and the Government's Response (Doc. 19). Having considered the motion, the response, and the applicable statutory and case law, and being otherwise fully informed in the premises, this Court finds that the Motion to Dismiss the Indictment should be DENIED.

### Background

Perez-Lucas has been indicted for violating the immigration laws of the United States. Perez-Lucas is a citizen of Guatemala who allegedly entered the United States in 2016 without being admitted by an immigration officer. In 2016, Perez-Lucas completed a Form I-9 to obtain employment at Koch Foods. In order to gain employment, Perez-Lucas indicated that he was a citizen of the United States and provided a state of Tennessee

identification card and a social security card. Both cards bore the name Roberto Valesquez, Jr., Perez-Lucas' alias.

Perez-Lucas speaks Chuj, an unusual dialect of the Mayan language. During his initial appearance on August 28, 2019, and during his detention hearing on September 4, 2019, a Chuj interpreter was available. However, since the detention hearing, the Chuj interpreter has not returned telephone calls or responded to emails from the Public Defender's Office. The Public Defender's Office has been unable to locate any other Chuj interpreter. Perez-Lucas seeks dismissal of the Indictment because "no language interpreter can be located that speaks Chuj, the only language spoken and understood by Mr. Perez-Lucas."

## **Discussion**

The Court Interpreters Act, 28 U.S.C. §1827, provides a defendant who speaks only or primarily a language other than the English language a statutory right to a "court-appointed interpreter when [his] comprehension of the proceedings or ability to communicate with counsel is impaired." "The clerk of the court, or other court employee designated by the chief judge, shall be responsible for securing the services of certified interpreters and otherwise qualified interpreters required for proceedings initiated by the United States." 21 USC

2

§1827(c)(2). The Defendant argues that the Court Interpreters Act provides the Defendant with a constitutional right to an interpreter. However, the Fifth Circuit has held the opposite, "… the use of an interpreter is discretionary with the trial court," and "there is no constitutional right as such to a Court-appointed interpreter to supplement the right to counsel." United States v. Tapia, 631 F.2d 1207, 1209 (5th Cir. 1980).

"A district court is given wide discretion in matters regarding selection of a court interpreter." United States v. Paz, 981 F.2d 199, 200 (5th Cir. 1992). In United States v. Tapia, the Fifth Circuit wrote, "It might be that although his primary language is Spanish, [defendant's] understanding of the English language is such that he was not inhibited from understanding the proceedings." 631 F.2d at 1210. Therefore, the district court has wide discretion over selecting a court interpreter, including an interpreter who does not speak the primary language of the Defendant, but can communicate effectively. The Court has the discretion to "select an otherwise qualified interpreter if no certified interpreter is reasonably available." Paz, 981 F.2d at 200.

The Defendant relies on the decision in United States v. Mejia-Perez, an Arizona case that was dismissed because the Court was unable to procure an interpreter who spoke Mam. See

Case No. Cr 18-00062-TUC-RM (EJM), 2018 WL 3102012, *1 (May 30, 2018). In the Mejia-Perez trial, the Defendant was provided a Mam interpreter at the arraignment; however, similarly to this case, the interpreter subsequently lost contact with the defense and could no longer be reached. See id. at *2. The Court in Mejia-Perez dismissed the indictment because it determined that it was unable to "locate a Mam interpreter who both speaks the defendant's dialect and is responsive to the Court's requests for assistance," and that "the Court does not believe that an appropriate interpreter will be found." Id. at *7 (emphasis added).

The core distinction between Mejia-Perez and the instant case is the varied and numerous attempts by the Court in Mejia-Perez to secure an appropriate interpreter. Mr. Radillo, a Spanish speaking interpreter for the United States District Court for the District of Arizona, was responsible for securing interpreters who speak indigenous languages. Id. at *3. Mr. Radillo made the following efforts to secure a Mam translator: (1) he sent an email to the listserv of other federal court interpreters, (2) from that email, only five Mam translators were referenced from the Administrative Office — three of whom did not speak the specific dialect of the defendant, one of whom had passed away, and one who never responded, (3) he emailed two separate organizations that dealt with indigenous languages,

neither responded and (4) he contacted a company that provides interpretation services for several indigenous languages – the one person who spoke Mam from that company did not speak the defendant's dialect. See id. at *4.

The Court exhausted the Administrative Office avenues and then searched beyond the Administrative Office to find an appropriate interpreter. See id. Despite its efforts, the Court was unable to procure an interpreter who spoke the Defendant's dialect, and the Defendant's Spanish was insufficient to proceed with a Spanish interpreter. In the case at hand, the defense has made no showing that the Court has made similar efforts and exhausted all available options.

In addition, the Defendant has presented no evidence, other than a mere assertion, that the Defendant cannot reasonably understand Spanish should the Court be unable to provide a Chuj interpreter. In Mejia-Perez, Spanish was not a reasonable alternative because: (1) a Spanish interpreter testified that the defendant's Spanish was fragmented, (2) the Defendant had never attended school, and (3) the only Spanish the Defendant had learned was a result of being in custody for the offense. See id. at *5. In the case at hand, it may well be that the Defendant cannot adequately understand Spanish, but the Court must rely on more than mere assertions as such.

Therefore, dismissal at this stage is premature. Defense counsel has not demonstrated the Court's exhaustion of avenues through the Administrative Office of Courts, or other sources, to locate a person who would qualify as an interpreter for the court.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is DENIED.

SO ORDERED this the 8th day of October, 2019.

                                          __/s/ David Bramlette_____
                                          UNITED STATES DISTRICT JUDGE